IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTT TARTAN, § <br> #43952-177, § <br> § <br> Movant, § <br> § <br> VS. § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Respondent. § | Civil Action No. 3:25-CV-1321-D <br> (Criminal No. 12-CR-036-D(1)) |

MEMORANDUM OPINION
AND ORDER

Movant Scott Tartan ("Tartan") moves *pro se* under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons that follow, the court dismisses the motion with prejudice as barred by the one-year statute of limitations.

I

In 2012 Tartan pleaded guilty to one count of transportation of child pornography. *United States v. Tartan*, 3:12-CR-036-D(1). On June 29, 2012 the court sentenced him to 210 months' imprisonment, a term of supervised release of life, and a $100 mandatory special assessment. Tartan's appeal was dismissed as frivolous on July 10, 2013. *See United States v. Tartan*, No. 12-10717 (5th Cir. June 18, 2013).

On May 23, 2025 Tartan filed the instant motion for relief under § 2255. He challenges the legality of requiring him to register as a sex offender under the Sex Offender Registration and Notification Act, maintains that the term of supervised release is excessive, and contends that his designation as a "violent dangerous offender" is unconstitutional.

The court directed respondent to answer or otherwise respond to Tartan's motion. Respondent moved for leave to file a motion to dismiss Tartan's motion as time-barred. The court granted the motion and ordered the clerk to docket respondent's motion to dismiss. Tartan then responded to the motion to dismiss. Respondent has not filed a reply.

II

A

A motion under 28 U.S.C. § 2255 is subject to a one-year limitations period, which begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

It cannot be disputed that Tartan's motion is untimely under § 2255(f)(1): it was filed more than one year after his conviction became final.[*] And Tartan does not maintain under

---

[*]Tartan's conviction became final on July 10, 2013, when his appeal was dismissed as frivolous. *See United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) (a conviction

§ 2255(f)(2) that government action prevented him from filing a § 2255 motion earlier. Instead, he posits that he has a newly recognized and retroactive right that was established after his conviction, and that his attorneys failed to bring this new law to his attention. The court thus interprets Tartan's motion as asking the court to apply § 2255(f)(3) and (f)(4) and deem his motion to be timely filed under either subsection.

B

Under § 2255(f)(3), the limitations period is measured from "the date on which the right asserted was initially recognized by the Supreme Court." *See Dodd v. United States,* 545 U.S. 353, 358-59 (2005) (holding that if the Supreme Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from the Supreme Court's decision within which to file his motion to vacate). But § 2255(f)(3) applies only if that right has been (1) "newly recognized by the Supreme Court" and (2) "made retroactively applicable to cases on collateral review." *Id.* at 358. The retroactivity determination can be made by the Supreme Court as well as a lower court. *See United States v. Lopez,* 248 F.3d 427, 431-32 (5th Cir. 2001) (holding that had Congress intended that the retroactivity determination under § 2255(3) be limited to the Supreme Court, the statute would have explicitly so provided).

---

becomes final for § 2255 purposes at the expiration of the direct appeal process). To be timely under § 2255(f)(1), Tartan must have filed his motion no later than July 10, 2014.

Tartan maintains that two cases decided by the Supreme Court reset the one-year limitations period: *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and *Sessions v. Dimaya*, 584 U.S. 148 (2018).

In *Loper Bright* the Supreme Court overruled the longstanding concept of *Chevron* deference. *Loper Bright*, 603 U.S. at 412. But *Loper Bright* did not announce a new "substantive" rule; that is, it did not place any individual conduct beyond the power of the United States to punish, nor did it prohibit the imposition of any type of punishment. *See Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004). The rule announced in *Loper Bright* also does not qualify as a "watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* (internal quotation marks and citations omitted). Moreover, the Supreme Court clarified in *Loper Bright* that it did not intend to "call into question prior cases that relied on the *Chevron* framework." *Loper Bright*, 603 U.S. at 412. Therefore, *Loper Bright* does not apply retroactively. *See United States v. Alqsous*, 2025 WL 896095, at *25 (N.D. Ohio Mar. 24, 2025) (holding that a defendant could not take advantage of *Loper Bright* on collateral review).

Regarding *Dimaya*, Tartan's motion is untimely because he did not file it within one year of when *Dimaya* was decided. *See Esparsa v. United States*, 2021 WL 2598688, at *2 (N.D. Tex. May 4, 2021) (Ramirez, J.) ("Even if the Supreme Court had made *Rehaif* retroactive, it was decided on June 21, 2019, so any habeas action relying on it must have been brought by June 21, 2020."), *rec. adopted*, 2021 WL 2592548 (N.D. Tex. June 23, 2021) (Fitzwater, J.). *Dimaya* was decided on April 17, 2018, meaning that Tartan was

- 4 -

obligated to file his motion no later than April 17, 2019. He filed this motion on May 23, 2025, which is well outside the limitations period provided by § 2255(f)(3), even assuming that *Dimaya* operated to extend it.

And to the extent Tartan argues that changes to the United States Sentencing Guidelines ("U.S.S.G.") or statutory law warrants application of § 2255(f)(3), this argument also fails. The plain language of § 2255(f)(3) reflects that it applies only if the right is one "newly recognized by the Supreme Court." This language does not cover amendments to the U.S.S.G. or other statutory law. *See Denman v. United States*, 2016 WL 3752969, at *2 (N.D. Tex. June 15, 2016) (Toliver, J.) (rejecting argument that § 2255(f)(3) applied where petitioner only called into question the Armed Career Criminal Act), *rec. adopted*, 2016 WL 3670073 (N.D. Tex. July 11, 2016) (Fish, J).

Regarding § 2255(f)(4), Tartan asserts that he was unaware of the claims he could bring under § 2255(f)(3) because his attorneys "did not look into already established law." But "the issuance of a new court opinion is not a newly-discovered fact under section 2255(f)(4)." *Martinez v. United States*, 2014 WL 3361748, at *3 (N.D. Tex. June 4, 2014) (Toliver, J.) (citing *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013)) (explaining that § 2255(f)(4) "is directed at the discovery of new facts, not newly discovered law"), *rec. adopted*, 2014 WL 3361748, at *1 (N.D. Tex. July 9, 2014) (Lindsay, J.).

Accordingly, neither § 2255(f)(3) nor (f)(4) delays the start of the limitations period applicable to Tartan's motion to vacate.

III

Even when liberally construed, Tartan's filings do not demonstrate due diligence and "rare and exceptional circumstances" that warrant equitable tolling. A movant "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and quoted case omitted); *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) ("[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are *both* extraordinary *and* beyond its control.") (emphasis in original). Equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016).

> Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. The principles of equitable tolling do not extend to what is at best a garden variety claim of excusable neglect. Unfamiliarity with the legal process does not justify equitable tolling.

*United States v. Kirkham*, 367 Fed. Appx. 539, 541 (5th Cir. 2010) (per curiam) (cleaned up).

Moreover, equitable tolling requires a litigant to pursue his rights with "reasonable diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). The courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on their rights.'" *Wickware v. Thaler*, 404 Fed. Appx. 856, 861 (5th Cir. 2010) (per curiam) (quoting *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). And unexplained

delays do not evince due diligence or rare and extraordinary circumstances. *See, e.g., Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (explanations relating only to brief period of one-year statute of limitations period insufficient to support equitable tolling).

Tartan has failed to demonstrate that extraordinary circumstances prevented him from filing his motion to vacate earlier, and no grounds for equitable tolling are apparent to the court. His ignorance of the law or procedures does not entitle him to equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). He has simply failed to show that he exercised diligence throughout the limitations period. Because Tartan has not met his burden to establish circumstances warranting equitable tolling, his § 2255 motion is time-barred.

IV

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court finds that movant has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If movant files a notice of appeal,

( ) movant may proceed in forma pauperis on appeal.

(**X**) movant must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

*   *   *

For the foregoing reasons, Tartan's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is dismissed with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(B) of the Rules Governing Section 2255 Proceedings. Tartan's motion for leave to proceed *in forma pauperis* is denied.

**SO ORDERED**.

January 16, 2026.

_____<br>
SIDNEY A. FITZWATER<br>
SENIOR JUDGE